**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

MICHAEL JOHNSON,

Plaintiff,

vs. No. CIV 24-0824 JB\JFR

NEW MEXICO DEPARTMENT OF CORRECTIONS,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Complaint (Tort), filed June 20, 2024, in State court, filed August 19, 2024, in federal court (Doc. 1)("Notice of Removal and Complaint"); and (ii) the Defendant's Motion to Dismiss, filed August 26, 2024 (Doc. 3)("Motion to Dismiss"). Plaintiff Michael Johnson is incarcerated and proceeding pro se. See Notice of Removal and Complaint ¶¶ 1-3, at 8. He asserts civil claims relating to the denial of good time credits. Having carefully reviewed the arguments and applicable authority pursuant to 28 U.S.C. § 1915A and rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court concludes that the Complaint does not state a cognizable 42 U.S.C. § 1983 claim. The Court grants the Motion to Dismiss, in part, but permits Johnson to file an amended complaint.

**FACTUAL AND PROCEDURAL BACKGROUND**

Johnson filed the Complaint while incarcerated at the Central New Mexico Correctional Facility ("CNM") in Los Lunas, New Mexico. See Notice of Removal and Complaint at 21. The Complaint alleges that Johnson enrolled in a General Education Development ("GED") class to receive good time credits towards his release date and to earn his high school diploma. See Notice of Removal and Complaint ¶ 1, at 10. The Complaint further alleges that Johnson entered into a treatment program, which enabled him to live in a particular pod with a friend. See Notice of

Removal and Complaint ¶ 2, at 10. Johnson purportedly attends his daily GED classes, but prison officials failed to award the good time credits. See Notice of Removal and Complaint ¶ 3, at 10. Prison officials also allegedly required Johnson to restart his treatment program and then transferred Johnson to another prison when he complained. See Notice of Removal and Complaint ¶ 3, at 10-11. It is not clear, based on the Complaint, whether Johnson completed the GED course or the treatment program. In any event, Johnson alleges prison officials failed to award earned credits because he is an American Indian and because he is a Utah resident. See Notice of Removal and Complaint at 11-12.

Based on these facts, the Complaint asserts federal claims for violations of the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States, the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, and of the Fifth and Fourteenth Amendments to the Constitution of the United States. See Notice of Removal and Complaint ¶¶ 1-3, at 14. The Complaint also raises claims under New Mexico law for discrimination in violation of the Constitution of the State of New Mexico; for negligence; and for violation of N.M.S.A. 1978 § 33-2-34, which governs eligibility for good time credits. See Notice of Removal and Complaint ¶¶ 4-7, at 14. The Complaint names one Defendant -- the New Mexico Corrections Department[1] -- and seeks at least $75,000 in money damages. See Notice of Removal and Complaint ¶¶ 1-3, at 8, id. ¶¶ 1-9, at 14. However, the Complaint states that Johnson may be willing to dismiss the claims if he receives good time credits and NMCD releases

[1]Although the Notice of Removal and Complaint refers names as the defendant the "New Mexico Department of Corrections," the correct name of the institution is the New Mexico Corrections Department. Notice of Removal and Complaint at 1. See New Mexico Corrections Department, Home Page, available at https://www.cd.nm.gov/ (last visited March 4, 2025).

him from custody. See Notice of Removal and Complaint ¶ 10 at 14-15.

Johnson originally filed the Complaint in the County of Santa Fe, First Judicial District Court, State of New Mexico. See Notice of Removal and Complaint ¶¶ 1-3, at 8. On August 19, 2024, NMCD removed the case to the federal Court based on federal-question jurisdiction. See Notice of Removal and Complaint ¶¶ 1-6, at 1-2. On August 26, 2024, NMCD filed the Motion to Dismiss, alleging that the Complaint fails to state a cognizable claim under rule 12(b)(6). See Motion to Dismiss at 1-10. Johnson did not respond to the Motion to Dismiss. The Court, therefore, considers whether there are grounds for dismissal and whether the Complaint otherwise states a cognizable claim under 28 U.S.C. § 1915A. See 28 U.S.C. § 1915A (requiring an initial screening of all prisoner complaints against a government entity).

## LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e). The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted for 12(b)(6). 28 U.S.C. § 1915(e). Rule 12(b)(6) tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." Mobley v. McCormick, 40 F.3d 337, 340 (10th Cir. 1994)(citing Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)). A complaint's sufficiency is a question of law, and, when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not

draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting Makor Issues & Rights, Ltd. v. Tellabs, Inc, 437 F.3d 588, 602 (7th Cir. 2006)(second alteration in Tellabs, Inc. v. Makor Issues & Rights, Ltd, first and third alteration Court adds)); Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C Wright & A. Miller, Federal Practice and Procedure § 1216, [at] 235-236 (3d ed. 2004), (hereinafter Wright & Miller)('[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action'), on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. at 555 (footnote omitted).

To survive a rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face." Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556). "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original). The United States Court of Appeals for the Tenth Circuit states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible." [Bell Atl. Corp. v. Twombly, 550 U.S] at [570]. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. Nonetheless, pro se parties must file a legible pleading that complies with rule 8 of the Federal Rules of Civil Procedure. That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a).

**LAW REGARDING 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 creates only the right of action, and it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("'[S]ection 1983 did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights.'")(quoting Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))(second alteration added in Nelson v. Geringer, first alteration Court adds). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of State law, violates the claimant's federally protected rights. To state a valid claim under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of State law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court notes:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Public Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a

government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's Constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limits, but does not eliminate, supervisory liability for government officials based on an employee's or subordinate's Constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS 2011, WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is inapplicable to Bivens[2] and § 1983 suits, a plaintiff must plead that

[2]Pursuant to Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971)("Bivens"), a plaintiff may seek money damages from federal officials who have violated his or her constitutional rights. Bivens has been extended, however, to only a handful of constitutional rights. See Davis v. Passman, 442 U.S. 228, 248 (1979)(finding an implied cause

each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution[]"

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983). The Tenth Circuit notes, however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200. It concludes that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v.

---

of action for violations of the equal protection principles enmeshed within the due process clause of the Fifth Amendment to the United States Constitution, U.S. Const. amend V); Carlson v. Green, 446 U.S. 14 (1980)(extending Bivens to allow for damages for violations of the cruel-and-unusual punishment clause of the Eighth Amendment to the United States Constitution). The Supreme Court has expressed hesitation about federal courts extending Bivens into new contexts. See Hernandez v. Mesa, 589 U.S. 93, 113 (2020)("When evaluating whether to extend Bivens, the most important question 'is "who should decide" whether to provide for a damages remedy, Congress or the courts?' The correct 'answer most often will be Congress.'")(first quoting Ziglar v. Abbasi, 582 U.S. 120, 134 (2017); and then quoting Bush v. Lucas, 462 U.S. 367, 380 (1983)).

Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under § 1983 for Constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371). The Tenth Circuit notes that the Supreme Court in that case finds a sufficient link between the police misconduct and the city officials' conduct, because some of the defendants have a deliberate plan to "crush the nascent labor organizations." Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

Construed liberally, the Complaint alleges that NMCD violated 42 U.S.C. § 1983 and the federal Constitution by: (i) discriminating against Johnson with respect to the award of good time credits; and (ii) violating Johnson's right to due process by denying good time credits. See Notice of Removal and Complaint ¶¶ 1-3, at 14. The Complaint also asserts claims under New Mexico law for discrimination, negligence, and violation of the State statute governing good time credits, N.M.S.A. 1978 § 33-2-34. See Notice of Removal and Complaint ¶¶ 4-7, at 14. The Court evaluates whether the Complaint states a federal § 1983 claim against the NMDC before considering the merits of any State law claims. See Brooks v. Gaenzle, 614 F.3d 1213, 1229-30 (10th Cir. 2010)(explaining that federal courts should generally decline to exercise supplemental jurisdiction over a State-law claim if no viable federal claims remain).

### I. THE COMPLAINT DOES NOT STATE A FEDERAL CLAIM UNDER § 1983.

Johnson asserts federal Constitutional claims pursuant to 42 U.S.C. § 1983, the "remedial

vehicle for raising claims based on the violation of [federal] constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016). "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." McLaughlin v. Bd. of Trustees, 215 F.3d 1168, 1172 (10th Cir. 2000)(quoting 42 U.S.C. § 1983). The plaintiff must allege that each government official, through the official's own individual actions, personally has violated the Constitution. See Trask v. Franco, 446 F.3d at 1046. There also must be a connection between the official conduct and the Constitutional violation. See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).

The Complaint here does not name any person who participated in the alleged wrongdoing. The only named Defendant is NMCD. See Notice of Removal and Complaint ¶¶ 81-5, at 8-9. It is well settled that the "New Mexico Department of Corrections is not a 'person' subject to suit under § 1983." Blackburn v. Department of Corrections, 172 F.3d 62, 63 (10th Cir. 1999)(internal quotations have no citation). See Buchanan v. Oklahoma, 398 Fed. App'x 339, 342 (10th Cir. 2010)[3]("[S]tate-operated detention facilities do not have a separate legal identity

---

[3]Buchanan v. Oklahoma, 398 Fed. App'x 339, 342 (10th Cir. 2010) is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that United Buchanan v. Oklahoma, and Owens-El v. Wiley, 183 Fed. App'x 775 (10th Cir. 2006), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this

from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983")(internal quotations have no citations). All federal claims, therefore, are subject to dismissal under rule 12(b)(6) and 28 U.S.C. § 1915A. The Court grants NMCD's Motion to Dismiss, in part. As discussed below, the Court grants leave to amend the federal claims before considering whether to exercise supplemental jurisdiction over Johnson's State law claims.

## II. THE COURT GRANTS LEAVE TO AMEND.

The Tenth Circuit counsels that courts ordinarily give pro se inmates an opportunity to remedy defects in their pleadings. See Hall v. Bellmon, 935 F.2d at 1110. The Court grants leave to file a single amended civil complaint within thirty days of this Memorandum Opinion and Order's entry. Any amended complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." Robbins v. Oklahoma, 519 F.3d at 1250. To demonstrate an Equal Protection violation under § 1983, the amendment must show each defendant treated the plaintiff differently than another who is similarly situated without a rational basis to do so. See Van Sant & Co. v. Town of Calhan, 83 F.4th 1254, 1282 (10th Cir. 2023). To demonstrate a due process violation, Johnson must provide all relevant information regarding the good time credit scheme, including more factual detail whether he completed relevant prison programming. See, e.g., Sandin v. Conner, 515 U.S. 472, 484 (1995)(describing the circumstances in which statutes/good time credit schemes create a liberty interest). The Court reminds Johnson that any amendment will supersede the original pleading and must include all federal and State claims Johnson wishes to pursue in this

---

Memorandum Opinion and Order.

case. If Johnson does not timely amend his complaint as set forth above, the Court may dismiss all federal § 1983 claims with or without prejudice; decline to exercise supplemental jurisdiction over any State law claims; and dismiss all State law claims without prejudice for lack of jurisdiction.

Finally, the Court reminds Johnson that, to the extent he seeks a release from prison and/or the restoration of good time credits, such relief is not available in a civil rights proceeding. A "prisoner who challenges . . . duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012). Johnson, therefore, should file a habeas corpus petition under 28 U.S.C. § 2241, if his primary goal is to obtain a release and/or good time credits. See Hale v. Fox, 829 F.3d 1162, 1165 n.2 (10th Cir. 2016)(noting § 2241 is the appropriate vehicle for challenging miscalculation of sentence credits); Owens-El v. Wiley, 183 Fed. App'x 775, 777 (10th Cir. 2006)(concluding that a petition seeking a reduction in the period of incarceration by "granting good time" is brought appropriately as a § 2241 habeas petition). The Clerk's Office will mail Johnson a § 2241 form, if he wishes to seek habeas relief rather than pursuing amended civil claims.

**IT IS ORDERED** that: (i) the Defendant's Motion to Dismiss, filed August 26, 2024 (Doc. 3), is granted in part, and denied in part; (ii) all federal claims in the Plaintiff's Complaint (Tort), filed June 20, 2024, in State court, filed August 19, 2024, in federal court (Doc. 1), are dismissed without prejudice; (iii) if the Plaintiff wants to pursue civil claims, he must file a single amended complaint, within thirty days of this Memorandum Opinion and Order's entry; and (iv) the Clerk's Office shall mail the Plaintiff a 28 U.S.C. § 2241 habeas petition, to the extent he

seeks a restoration of good time credits and/or a release from prison.

UNITED STATES DISTRICT JUDGE

*Parties*:

Michael Johnson
Los Lunas, New Mexico

*Plaintiff pro se*