IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL JOHNSON,

    Plaintiff,

vs.                                                                                                             No. CIV 24-0824 JB\JFR

NEW MEXICO DEPARTMENT OF
CORRECTIONS,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court following Plaintiff Michael Johnson's failure to amend his Prisoner Tort Complaint, filed June 20, 2024 (Doc. 1)("Complaint"). Johnson is incarcerated and proceeding pro se. See Complaint at 8. The Court previously directed Johnson to file an amended complaint that complies with the federal pleading requirements for complaints proceeding under 42 U.S.C. § 1983. See Memorandum Opinion and Order, filed March 5, 2025 (Doc. 6)("MOO"). Because Johnson has not complied with the MOO, and having reviewed applicable law and the record, the Court dismisses this case without prejudice.

**FACTUAL AND PROCEDURAL BACKGROUND**

Johnson filed the Complaint while incarcerated at the Central New Mexico Correctional Facility in Los Lunas, New Mexico. See Complaint at 21. The Complaint alleges that Johnson enrolled in a General Education Development ("GED") class to receive good time credits towards his release date and to earn his high school diploma. See Complaint ¶¶ 1-3, at 10. The Complaint further alleges that Johnson entered into a treatment program, which enabled him to live in a particular pod with a friend. See Complaint ¶¶ 1-3, at 10. Johnson purportedly attends his daily GED classes, but prison officials fail to award the good time credits. See Complaint ¶¶ 1-3, at 10. Prison officials allegedly also require Johnson to restart his treatment

program and then transfer Johnson to another prison when he complains.  See Complaint ¶¶ 1-4, at 10-11.  It is not clear, based on the Complaint, whether Johnson completes the GED course or the treatment program.  In any event, Johnson alleges prison officials failed to award earned credits, because he is American Indian, and because he is a Utah resident.  See Complaint at 11-12.

Based on these facts, the Complaint alleges federal claims for violations of the Equal Protection Clause, the Due Process Clause, and the Fifth and Fourteenth Amendments of the Constitution of the United States.  See Complaint at 14.  The Complaint also alleges claims under New Mexico law for: (i) discrimination in violation of the New Mexico Constitution; (ii) negligence; and (iii) violation of N.M.S.A. 1978 § 33-2-34, which governs eligibility for good time credits.  See Complaint at 14.  The Complaint names one Defendant -- the New Mexico Corrections Department ("NMCD") -- and seeks at least $75,000.00 in money damages.  See Complaint at 8, 14.  The Complaint states, however, that Johnson may be willing to dismiss the claims if he receives good time credits and NMCD releases him from custody.  See Complaint at 14-15.

Johnson originally filed the Complaint in the County of Santa Fe, First Judicial District Court, State of New Mexico.  See Complaint at 8.  On August 19, 2024, NMCD removes the case to federal Court based on federal question jurisdiction.  See Notice of Removal at 1, filed August 19, 2024 (Doc. 1).  On August 26, 2024, NMCD files the Motion to Dismiss, alleging the Complaint fails to state a cognizable claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Motion to Dismiss at 1-10.  The Court grants the Motion to Dismiss, in part, on March 5, 2025.  See MOO at 1.  The MOO concludes that the Complaint does not state a cognizable federal claim, but grants leave to amend, in accordance with Johnson's status as a pro

se litigant. See MOO at 10-12. The MOO also reminds Johnson that he must file a 28 U.S.C. § 2241 habeas proceeding, if he seeks the restoration of good time credits. See MOO at 12. The MOO warns that the failure timely to amend as directed may result in dismissal of this case without further notice. See MOO at 12. The deadline to amend expired no later than April 5, 2025. Johnson does not comply with the MOO, show cause for such failure, or otherwise respond to the MOO. The Court therefore considers whether to dismiss this matter for lack of prosecution and failure to comply with court orders.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."). As the United States Court of Appeals for the Tenth Circuit explains, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ." See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders." Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice." Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009). If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular

procedures." Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious"). Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria." Nasious, 492 F.3d at 1162. Those criteria include: the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions. See Nasious, 492 F.3d at 1162.

Here, Johnson has not filed an amended complaint, as the MOO requires. In light of this failure, the Court dismisses this case pursuant to rule 41(b) for failure to prosecute, and for failure to comply with rules and orders. See Olsen v. Mapes, 333 F.3d 1199 at 1204. After considering Nasious factors, the dismissal will be without prejudice,

**IT IS ORDERED** that: (i) all claims in Plaintiff's Prisoner Tort Complaint, filed June 20, 2024 (Doc. 1), are dismissed without prejudice; (ii) the case is dismisses without prejudice; and (iii) the Court will enter a separate, Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Michael Johnson
Los Lunas, New Mexico

    *Plaintiff pro se*